IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOLLY ANN MONTGOMERY, individually
and on behalf of all others similarly situated          PLAINTIFF

v.                                            CAUSE NO. 1:16CV17-LG-RHW

SINGING RIVER HEALTH SYSTEM
FOUNDATION, et al.                                      DEFENDANTS

ORDER DISMISSING CLAIMS AGAINST
CERTAIN DEFENDANTS WITH PREJUDICE

**THIS MATTER IS BEFORE THE COURT** sua sponte. After reviewing the record in this matter and the applicable law and for the foregoing reasons, the Court finds that the claims filed by the plaintiff Dolly Ann Montgomery against Singing River Health System Foundation (also known as Singing River Hospital System), Singing River Health Services Foundation, Singing River Hospital System Foundation, Singing River Hospital System Employee Benefit Fund, Inc., the Board of Trustees for the Singing River Health System, and Jackson County, Mississippi, should be dismissed with prejudice pursuant to the injunction entered in *Jones v. Singing River Health System, et al.*, 1:14cv447-LG-RHW.

DISCUSSION

In late 2014 and early 2015, three putative class action lawsuits were filed as a result of the alleged underfunding of the Singing River Health System Employees' Retirement Plan and Trust: *Jones, et al. v. Singing River Health System, et al.*, 1:14cv447-LG-RHW; *Cobb, et al. v. Singing River Health System, et al.*, 1:15cv1-LG-RHW; and *Lowe v. Singing River Health System, et al.*, 1:15cv44-LG-RHW. These

lawsuits were consolidated, and *Jones, et al. v. Singing River Health System, et al.*, 1:14cv447-LG-RHW was designated as the lead case. A class settlement was reached as to the Singing River defendants in the *Jones* case in late 2015. On January 19, 2016, Dolly Ann Montgomery filed the present putative class action lawsuit that also concerns the alleged underfunding of the Singing River Health System Employees' Retirement Plan and Trust. This Court stayed the *Montgomery* lawsuit pending a determination regarding whether the proposed settlement should be approved.

The proposed settlement in the *Jones* lawsuit was preliminarily approved by this Court in a Memorandum Opinion and Order [148] entered on January 20, 2016. Notice of the settlement was provided to the members of the proposed class, who were given the opportunity to object to the settlement and participate in a fairness hearing. After reviewing the objections and conducting a two-day fairness hearing, this Court entered an Order and Final Judgment [302] in the *Jones* lawsuit that includes the following injunction:

> (e)  All claims, rights and causes of action, damages, losses, liabilities and demands of any nature whatsoever, whether known or unknown, that are, could have been or might in the future be asserted by the Trust, any Plaintiffs or any member of the Settlement Class (whether directly, representatively or in any other capacity), against the following Released Persons, in connection with or that arise out of any acts, conduct, facts, transactions or occurrences, alleged or otherwise asserted or that could have been asserted in the Actions related to the failure to fund the Trust and/or management or administration of the Plan (collectively referred to as the "Settled Claims") shall be compromised, settled, released and discharged with prejudice:

>    (1)   the Jackson County Board of Supervisors, Jackson County as a political subdivision of the State of Mississippi, the individual members of the Board of Supervisors in their official capacities and in their individual capacities and for the agents and employees of Jackson County, Mississippi;
>    (2)   Singing River Health System, its current and former Board of Trustees (individually and in their official capacities), agents, servants and/or employees;
>    (3)   Singing River Health Services Foundation, Singing River Health System Foundation f/k/a Coastal Mississippi Healthcare Fund, Inc., Singing River Hospital System Foundation, Inc., Singing River Hospital System Benefit Fund, Inc., and Singing River Hospital System and all of their current and former employees, agents, and inside and outside counsel and their firms; and
>    (4)   current and former Trustees of the Trust (in their individual and official capacities).
> (f)  The Plaintiffs and/or members of the Settlement Class are hereby permanently barred and enjoined from instituting or prosecuting, either directly or in any other capacity, any action that asserts any claims released under the terms of the Settlement Agreement.

(Order and Final Judgment at 3-4, ECF No. 302, Cause No. 1:14cv447-LG-RHW).

On June 20, 2016, this Court entered an Order to Show Cause [3], requiring Montgomery to file a response on or before July 1, 2016, demonstrating why her claims against the following defendants should not be dismissed with prejudice pursuant to the injunction: Singing River Health System Foundation (also known as Singing River Hospital System), Singing River Health Services Foundation, Singing River Hospital System Foundation, Singing River Hospital System Employee Benefit Fund, Inc., the Board of Trustees for the Singing River Health System, and Jackson County, Mississippi.  Montgomery did not respond to the Order to Show Cause.

The Court has reviewed Montgomery's claims against the above-named defendants and finds that these claims are barred by the injunction imposed in the *Jones* lawsuit. As a result, Montgomery's claims against these defendants must be dismissed with prejudice. Montgomery's claims against KPMG, LLP, and Transamerica Retirement Solutions Corporation are not affected by the injunction and will remain pending.

The Court expressly determines that there is no just reason for delay, and therefore expressly directs entry of final judgment pursuant to Fed. R. Civ. P. 54(b) as to Montgomery's claims against Singing River Health System Foundation (also known as Singing River Hospital System), Singing River Health Services Foundation, Singing River Hospital System Foundation, Singing River Hospital System Employee Benefit Fund, Inc., the Board of Trustees for the Singing River Health System, and Jackson County, Mississippi.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Dolly Ann Montgomery's claims against Singing River Health System Foundation (also known as Singing River Hospital System), Singing River Health Services Foundation, Singing River Hospital System Foundation, Singing River Hospital System Employee Benefit Fund, Inc., the Board of Trustees for the Singing River Health System, and Jackson County, Mississippi, are hereby **DISMISSED WITH PREJUDICE**. A separate final judgment will be entered pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Montgomery's claims against KPMG, LLP, and Transamerica Retirement Solutions Corporation are not affected by the injunction and will remain pending.

**SO ORDERED AND ADJUDGED** this the 6th day of July, 2016.

                                                   s/ *Louis Guirola, Jr.*
                                                 LOUIS GUIROLA, JR.
                                                 CHIEF U.S. DISTRICT JUDGE